# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISON

| | |
|---|---|
| **Khalil Johnson, individually and on behalf of other similarly situated individuals,** ) ) ) | **CASE NO.** |
| ) | |
| Plaintiff, ) | **CLASS ACTION** |
| ) | |
| v. ) | **JURY TRIAL REQUESTED** |
| ) | |
| **J. Mike Williams, an individual; and Fowler, Hein, Cheatwood & Williams, P.A.,** ) ) ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

1.   This is an action for damages arising under 15 U.S.C. § 1692 *et seq*., The Fair Debt Collection Practices Act ("FDCPA"), which prohibits a debt collector from, *inter alia*, using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" as well as the use of "unfair or unconscionable" means of collection. 15 U.S.C. §§ 1692(e) and 1692(f).

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d). The FDCPA is a federal statute. Venue here is

proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred here.

## PARTIES

3.  Plaintiff Khalil Johnson ("Plaintiff") is a natural person who, at all times relevant to this action is and was a resident of Lithonia, GA.

4.  Plaintiff, as more fully described herein, is allegedly obligated to pay a personal or household debt to Defendants' "client" and is therefore a consumer within the meaning of 15 U.S.C. § 1692a(3).

5.  Defendant Fowler, Hein, Cheatwood & Williams, P.A. ("Fowler") is a Georgia law firm engaged in the business of collecting consumer debts, whose principal office is located at 2970 Clairmont Road, Suite 220, Atlanta, GA 30329.

6.  Defendant J. Mike Williams ("Williams") is a Georgia licensed attorney who signed the Dispossessory Warrant which forms the basis of this lawsuit.

7.  At certain times herein, where appropriate, Defendants Fowler and Williams are referred to hereinafter as "Defendants".

8.  Defendants regularly collect or attempt to collect— directly, indirectly, including through the courts— debts owed or due or asserted to be owed or due persons other than themselves.

9. Defendants are "debt collector[s]" within the meaning of 15 U.S.C. § 1692a(3).

10. At all times material to the allegations of this Complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

11. All acts or omissions attributed to Williams were done within the scope of his employment with Fowler or were otherwise authorized or ratified by Fowler.

12. Fowler is vicariously liable for the actions of Williams as described herein. *See Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

## FACTUAL ALLEGATIONS

13. On or about May 9, 2016, Plaintiff entered into an Apartment Rental Contract (the "Contract") with Hamilton Point Property Management, LLC ("Hamilton"), a Delaware limited liability company, the subject of which was a rental apartment at Creekside Corners in Lithonia, Georgia.

14. The terms of the Contract required, among other things, that Plaintiff's rent be paid before the 6th day of each month. If paid thereafter, Plaintiff became subject to a late fee in an amount specified in the Contract.

15. In December 2016, due to flooding in Plaintiff's Creekside Corners apartment, Plaintiff refused to pay rent of $760 per month. In response, Hamilton retained Defendants to file a Dispossessory Warrant in the Magistrate Court of DeKalb County demanding removal of Plaintiff from his apartment as well as money damages for unpaid rent, late fees, and other associated costs and fees.

16. While the Judge did grant the landlord possession in that case with a writ of possession to issue January 18, 2017 and a money judgment in the amount of $600, the Judge also gave Plaintiff a large offset of the rent that was being demanded.

17. Plaintiff has appealed that ruling and paid the money judgment into the registry of the Court and is currently in possession of the apartment as the eviction has been stayed.

18. Williams, a licensed attorney, acting within his scope of employment with Fowler and as lead attorney for Hamilton, filed the Dispossessory Warrant.

19. Included in the Dispossessory Warrant filed by Williams was a demand for late fees which exceeded the amount stated in the Contract.

20. Upon information and belief, in the one year prior to the filing of this action, Williams, acting as lead counsel for a landlord, filed Dispossessory Warrants against more than one hundred individuals in DeKalb County, many of

which, upon information and belief, demanded late fees in excess of the agreed-upon maximum.

21. Had Defendants undertaken even a cursory review of the late fees demanded in the Dispossessory Warrant[s] prior to filing, they would have realized that the warrant[s] demanded excessive late fees. It would appear, instead, that Defendants merely act as a "rubber stamp" for the landlord, demanding the court grant the requested relief without undertaking any meaningful review of the warrant.

## THE FDCPA

22. The purpose of the FDCPA is to "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Brown v. Budget Rent-A-Car Systems, Inc*., 119 F.3d 922, 924 (11th Cir. 1997).

23. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" as well as the use of "unfair or unconscionable" means of collection. 15 U.S.C. §§ 1692(e) and 1692f.

24. The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute. *See* 15 U.S.C. § 1692k. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).

25. In *Heintz v. Jenkins*, the Supreme Court expressly held that the FDCPA "applies to the litigating activities of [debt-collector] lawyers." *Miljkovic v. Shafritz and Dinkin, PA*, No. 14-13715 (11th Cir. June 30, 2015).

26. The FDCPA requires that an attorney conduct a meaningful review of a pending collection action. Such analysis turns on, among other things, whether the attorney's examination of the case file was adequate to permit determination of "whether [the debtor] was or was not obligated to pay the debt. . . ." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 301 (2d Cir.2003).

27. A single violation of an FDCPA provision is sufficient to establish civil liability. *Owen v. IC System, Inc.*, 629 F.3d 1263 (11th Cir. 2011) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993)).

28. The FDCPA also provides that "any debt collector who fails to comply with any provision of th[e][Act] with respect to any person is liable to such person." 15 U.S.C. § 1692k(a). Successful plaintiffs are entitled to "actual damage[s]," plus costs and "a reasonable attorney's fee as determined by the court." A court may also award "additional damages," subject to a statutory cap of

$1,000 for individual actions, or, for class actions, "the lesser of $500,000 or 1 per centum of the net worth of the debt collector." § 1692k(a)(2). *Jerman v. Carlisle, McNellie, Rini, Kramer*, 130 S. Ct. 1605, 1609, 559 U.S. 573, 176 L. Ed. 2d 519 (2010). *See also, Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307 (2d Cir. 2003) (finding plaintiff has standing to sue for violation of Fair Debt Collection Practices Act ("FDCPA") even though plaintiff did not suffer actual damages).

### COUNT I
False Representation in Connection
With Debt Collection Activities
(Ref. 15 U.S.C. § 1692e)

29. Plaintiff incorporates the paragraphs 1-26 as if fully set forth herein.

30. Section 1692e prohibits "false, deceptive, or misleading" behavior, including using "false representation or deceptive means to collect or attempt to collect any debt." *Bishop v. Ross Earle & Bonan, PA*, 817 F.3d 1268 (11th Cir. 2016).

31. More specifically, §1692e(2)(A) prohibits "the false representation of the character, amount, or legal status of any debt." "Even an unintentional misrepresentation violates [15 U.S.C. § 1692e(2)(A)]." *Berndt v. Fairfield Resorts, Inc.*, 337 F.Supp.2d 1120, 1131 (W.D.Wis.2004).

32. By falsely claiming in the Dispossessory Warrant that Plaintiff owed more in late fees than he actually did, Defendants engaged in "false, deceptive, or

misleading" behavior, in direct violation of 15 U.S.C. § 1692e(2)(A). As consequence, Plaintiff is entitled to recover statutory damages, attorney's fees, and costs of court from Defendants in an amount to be determined at trial.

### COUNT II
False Representation in Connection
With Debt Collection Activities
(Ref. 15 U.S.C. § 1692e)

33. Plaintiff incorporates the paragraphs 1-26 as if fully set forth herein.

34. Section 1692e prohibits "false, deceptive, or misleading" behavior, including using "false representation or deceptive means to collect or attempt to collect any debt." *Bishop v. Ross Earle & Bonan, PA*, 817 F.3d 1268 (11th Cir. 2016).

35. More specifically, §1692e(3) stands for the premise that if there has been no individualized review of a debtor's case, a communication from that attorney is considered false and misleading for purposes of the FDCPA. *Newman v. Checkrite California, Inc.*, 912 F. Supp. 1354, 1382 (E.D. Cal. 1995).

36. Plaintiff's contract with Hamilton specified a sum certain late fee. The Dispossessory Warrant, without legal justification, demanded a greater amount. Any attorney who reviewed Plaintiff's account in a meaningful way would certainly have reviewed both the Contract and the Dispossessory Warrant and

discovered that the Dispossessory Warrant demanded relief Hamilton was not entitled to.

37. By filing the Dispossessory Warrant without first reviewing the Plaintiff's account, Defendants engaged in "false, deceptive, or misleading" behavior, in direct violation of 15 U.S.C. § 1692e(2)(A). As consequence, Plaintiff is entitled to recover statutory damages, attorney's fees, and costs of court from Defendants in an amount to be determined at trial.

## COUNT III
Unfair Practices in Connection
With Debt Collection Activities
(Ref. 15 U.S.C. § 1692f)

38. Plaintiff incorporates the paragraphs 1-26 as if fully set forth herein.

39. Section 1692f prohibits unfair or unconscionable means of collection. Subsection (1) of this section specifically prohibits "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). *Bradley v. Franklin Collection Service, Inc.*, 739 F.3d 606, 609 (11th Cir. 2014).

40. The Contract specified a sum certain late fee. Defendants filed a Dispossessory Warrant claiming Plaintiff owed more than that sum certain fee; no law permitted the additional charge.

41. By falsely claiming in the Dispossessory Warrant that Plaintiff owed more in late fees than he actually did, Defendants engaged in an "unfair or unconscionable means of collection", in direct violation of 15 U.S.C. § 1692f(1). As consequence, Plaintiff is entitled to recover statutory damages, attorney's fees, and costs of court from Defendants in an amount to be determined at trial.

### COUNT IV
Unfair Practices in Connection
With Debt Collection Activities
(Ref. 15 U.S.C. § 1692f)

42. Plaintiff incorporates the paragraphs 1-34 as if fully set forth herein.

43. As stated above, § 1692f prohibits the use of any unfair or unconscionable means to collect or attempt to collect any debt. It also provides a non-exhaustive list of behavior that would violate of the section. Its purpose is to enable the courts, where appropriate, to proscribe improper conduct which is not specifically addressed.

44. Plaintiff's contract with Hamilton specified a sum certain late fee. The Dispossessory Warrant, without legal justification, demanded a greater amount. Any attorney who reviewed Plaintiff's account in a meaningful way would certainly have reviewed both the Contract and the Dispossessory Warrant and discovered that the Dispossessory Warrant demanded relief Hamilton was not entitled to.

45. An attorney filing a lawsuit without giving any meaningful review to the account in question is a violation of § 1692f. *See e.g., Johnson v. Law Offices of Farrell and Seldin,* Civ. No. 12-0877 MV/RHS (D.N.M. Mar. 29, 2013). As consequence, Plaintiff is entitled to recover statutory damages, attorney's fees, and costs of court from Defendants in an amount to be determined at trial.

## CLASS ALLEGATIONS

46. Upon information and belief, during the one year immediately preceding the filing of this action, Defendants filed at least one hundred (100) Dispossessory Warrants against the tenants, including Plaintiff all of which sought late fees in excess of the contractual amount and were, in effect, rubber-stamped by Defendants without meaningful review.

47. Accordingly, Plaintiff brings this action on behalf of a class of similarly situated individuals, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

48. The class consists of all individuals in the state of Georgia who, within the year prior to the filing of this action, were served a Dispossessory Warrant seeking, *inter alia*, late fees in excess of the amount specified in the contract where the landlord's attorney and/or agent is identified on the Dispossessory Warrant as Defendant Williams.

49. The identities of all class members are readily ascertainable from the DeKalb County public court records, Hamilton's records (which are subject to subpoena), as well as Defendants' records, since, as attorneys at law, Defendants are expected to maintain such records.

50. **Numerosity.** Plaintiff is informed and believes, and on that basis alleges that the Class described above is so numerous that joinder of all members would be impracticable. On information and belief, there are at least 100 members in the Class.

51. **Common Questions Predominate.** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendants repeatedly and systematically filed Dispossessory Warrants which sought excessive late fees.

52. **Typicality.** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of Defendant's common uniform course of conduct complained of herein.

53. **Adequacy.** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this

matter. Plaintiff has also retained counsel experienced in handling consumer litigation. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

54. **Superiority.** The FDCPA explicitly permits class action suits. *Jerman,* at 1631. A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

55. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible;

b. Members of the class are likely to be unaware of their rights;

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment in favor Plaintiff and the class and against the Defendants for:

(1) An order certifying that action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

(2) An award of statutory damages for Khalil Johnson and the Plaintiff Class pursuant to 15 U.S.C. §1692k;

(2) Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. § 1692k; and

(3) Such other and further relief as the Court deems proper.

Dated:  Atlanta, Georgia
January 30, 2017

**The Law Offices of Shimshon Wexler, PC**

By:  s/ Shimshon Wexler
Shimshon Wexler, Esq.
*Attorney for Plaintiff*
315 W. Ponce de Leon Ave., Ste. 250
Decatur, Georgia 30030
Tel: (212)760-2400
Fax: (917)512-6132
swexleresq@gmail.com

**Plaintiff requests a trial by jury on all issues so triable.**

By: /s Shimshon Wexler
Shimshon Wexler, Esq.

## Font Certification

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

Respectfully submitted,

/s/ Shimshon Wexler
Shimshon Wexler