IN THE UNITED STATED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KHALIL JOHNSON, INDIVIDUALLY, AND ON BEHALF OF OTHER SIMILARLY SITUATED INDIVIDUALS,<br><br>    Plaintiff,<br><br>v.<br><br>J. MIKE WILLIAMS, AN INDIVIDUAL; AND FOWLER, HEIN, CHEATWOOD & WILLIAMS, P.A.,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:17-CV-00349-LMM-CMS |

**DEFENDANTS J. MIKE WILLIAMS AND FOWLER, HEIN, CHEATWOOD & WILLIAMS, P.A.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)**

COME NOW Defendants J. Mike Williams ("Williams") and Fowler, Hein, Cheatwood & Williams, P.A. ("FHCW") (collectively the "Defendants"), named Defendants hereby and pursuant to Federal Rule of Civil Procedure 12(b)(6) move the court for an order dismissing, with prejudice, the above-styled action against all named Defendants for failure to state a claim upon which relief can be granted, as the Plaintiff can prove no set of facts that would entitle him to relief. In support of this motion, the Defendants named herein file herewith the accompanying Memorandum of Law and incorporates any and all pleadings of record in this civil

action, including, but not limited to the complaint filed by the Plaintiff. The Defendants further attach all Exhibits in support of their motion to dismiss.

Respectfully submitted this 22nd day of February, 2017.

                              **FOWLER, HEIN, CHEATWOOD & WILLIAMS**

                              /s/ J. Mike Williams
                              J. Mike Williams
                              Attorney for Defendants
                              State Bar No. 765209

                              /s/ Justin Kreindel
                              Justin Kreindel
                              Attorney for Defendants
                              State Bar No.  550128

2970 Clairmont Road
Park Central, Suite 220
Atlanta, Georgia 30329
Phone: 404-633-5114
Fax: 404-325-9721
mwilliams@apartmentlaw.com
jkreindel@apartmentlaw.com

IN THE UNITED STATED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KHALIL JOHNSON, INDIVIDUALLY, AND ON BEHALF OF OTHER SIMILARLY SITUATED INDIVIDUALS, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | CIVIL ACTION FILE NO. 1:17-CV-00349-LMM-CMS |
| J. MIKE WILLIAMS, AN INDIVIDUAL; AND FOWLER, HEIN, CHEATWOOD & WILLIAMS, P.A., | ) ) ) ) |
| Defendants. | ) |

## CERTIFICATE OF FONT SIZE

I hereby certify that the foregoing Defendants motion to dismiss has been prepared in 14 Times New Roman font as permitted by Local Rule 5.1c.

Respectfully submitted this 22nd day of February, 2017.

/s/ J. Mike Williams
J. Mike Williams
Attorney for Defendants
State Bar No. 765209

Fowler, Hein, Cheatwood & Williams, P.A.
2970 Clairmont Road
Park Central, Suite 220
Atlanta, Georgia 30329
404-633-5114

IN THE UNITED STATED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KHALIL JOHNSON, INDIVIDUALLY, AND ON BEHALF OF OTHER SIMILARLY SITUATED INDIVIDUALS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 1:17-CV-00349-LMM-CMS |
| J. MIKE WILLIAMS, AN INDIVIDUAL; AND FOWLER, HEIN, CHEATWOOD & WILLIAMS, P.A., | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS J. MIKE WILLIAMS AND FOWLER, HEIN, CHEATWOOD & WILLIAMS, P.A.'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)**

COME NOW Defendants and file this their brief in support of their Motion to Dismiss as follows:

**INTRODUCTION**

Plaintiff filed the instant action alleging violations of the Fair Debt Collections Practices Act (the "FDCPA") (15 U.S.C. § 1692 *et seq.*) against the Defendants due to their alleged failure to review the Plaintiff's account prior to filing a dispossessory warrant (the "Dispossessory Warrant") which was filed in State Court. Plaintiff further alleges an FDCPA violation due to the inclusion of

late fees on the Dispossessory Warrant which Plaintiff alleges were not authorized by his lease agreement with his landlord. Plaintiff claims that these actions violated 15 U.S.C. § 1692e and § 1692f of the FDCPA.

The undisputed facts in this case, as discussed below, will show that it was the *agent of the Plaintiff's landlord*, and *not* Williams or FHCW, who signed the Dispossessory Warrant, and that the late fees were, in fact, *authorized* by the lease. However, as shown below, Defendants did not engage in any false, deceptive, or misleading behavior, nor did Defendants attempt to collect a debt in an amount which was not authorized by the contract creating the debt. Defendants request that this matter be dismissed *with prejudice*, as Plaintiff's complaint could not possibly be cured by alleging other facts. *See Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 544 (11th Cir. 2002).

## FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2016, Mr. Johnson signed an Apartment Rental Contract (the "Lease") with Hamilton Point Property Management for apartment 2207, located Creekside Corners Apartments in Lithonia, Georgia. Attached as Exhibit A is a true and correct copy of the Apartment Rental Contract[1].

---

[1] A party may attach exhibits to a motion to dismiss without converting to a motion for summary judgment if the exhibits are referred to in the Plaintiff's complaint, are central or integral to the Plaintiff's claim, and are undisputed. *Bryant v. Avado Brands, Inc.* 187 F.3d 1271, 1281 (11th Cir. 1999). *See also Reynolds v. Gables Residential Services, Inc.*, 428 F.Supp.2d 1260, 1263 (M.D. Fla. 2006) (holding that a landlord-defendant in an FDCPA claim

The Lease provided for monthly rental payments in the amount of $760.00, along with a late fee of $150.00 if rent is not by paid by the 6th day of the month. *See* Exhibit A, pg. 1, par. 4.

Along with his Lease, Mr. Johnson signed a Utility Billing Addendum (the "Addendum"), which provides how certain utilities are to be billed and paid. Attached as Exhibit B is a true and correct copy of the Utility Billing Addendum. Paragraph 1 of the Addendum states in part that payment for utilities is due as additional rent. Exhibit B, pg. 1, par. 1. Paragraph 1(C)(2) of the Addendum states that the resident agrees to pay a monthly variable charge for water/waste water directly to management on the 1st day of the month. *Id.*, pg. 2, par. 1(C)(2). Finally, paragraph 3 of the Addendum provides the following: "<u>Late Fee.</u> A late fee shall be due on any payment which is not received by the 6th day after the payment's due date. Resident shall pay a late fee in the amount of $10.00 or [blank] percent of the amount billed for any utility or service payment which is received after its due date." *Id.*, pg. 2, par. 3.

Accordingly, since Mr. Johnson failed to pay any rent or utilities for the

---

could attach the lease agreement and notice of claim at issue because they describe the relationship of the parties integral to the resolution of the plaintiff's claims). Here, Plaintiff has alleged that the Dispossessory Warrant was filed by Williams without proper review, and the lease signed by the Plaintiff did not support the amount of late fees claimed in the Dispossessory Warrant. Accordingly, the Dispossessory Warrant (and related filings in the dispossessory action), and the lease agreement and related addenda are referenced in Plaintiff's Complaint and integral to his claims, and their attachment herein is proper and does not convert this Motion to Dismiss to a Motion for Summary Judgment.

month of December 2016, Creekside Corners charged him a total late fee of $160.00, comprising a base rental late fee of $150.00 plus a utility late of $10.00, which is the same total late fee listed by the landlord's agent on the dispossessory warrant in question, as discussed below.

On December 20, 2016, Creekside Corners Apartments, through its owner Hamilton Point Investments, filed the Dispossessory Warrant in the Magistrate Court of Dekalb County. Attached as Exhibit C is a true and correct copy of the Dispossessory Warrant.

The face of the Dispossessory Warrant clearly states the following: "Personally appeared the undersigned who upon oath says that he is ***agent*** for the owner of said premises…" *See* Exhibit C (emphasis added). **The choice of "attorney" is plainly not circled** (where "owner," "attorney at law," and "agent" are listed as choices for the affiant).

The affiant agent who signed the warrant is clearly listed as **D. Campbell**, and not Mr. Williams. **Ms. Campbell is *not*** *an employee of either Defendant*, nor was she under any supervision, direction, or control of either Defendant at any time relevant to this action. Rather, Ms. Campbell is an employee of Plaintiff's agent, who filed the dispossessory warrant as agent for the owner and as authorized by O.C.G.A. § 44-7-50(a).

It is plainly apparent on the face of the warrant that Mr. Williams did not sign the warrant as affiant; rather the affiant was Creekside Corner's agent, Ms. D. Campbell. Mr. Williams' name appears on the warrant only because Creekside Corners indicated they would like their counsel J. Mike Williams to appear in court in the event an answer is filed and a trial of the dispossessory case is necessary.

Defendants were not retained by Hamilton Point Property Management to *review, prepare, or file* a dispossessory warrant. Because many residential tenants fail to answer or respond to dispossessory warrants, often an attorney need not appear in court. Often, as here, the law firm is only requested to appear for trial of the case if an answer is filed to the dispossessory warrant. (This procedural aspect of filing dispossessory cases, whereby an agent, and not an attorney, files the warrant, is expressly authorized under state law, O.C.G.A. § 44-7-50(a). This statute is discussed in further detail below.) Listing an attorney's name on the warrant to appear at trial is permitted by state law and in conformance with Magistrate Court procedures.

The Dispossessory Warrant filed by Hamilton Point's agent D. Campbell in this case: 1) averred that Mr. Johnson failed to pay rent; 2) prayed for judgment for the past due rent in the amount of $760.00 for December; 3) prayed for rent accruing up through the date of judgment or vacancy at a rate of $760.00 per

month; and 4) prayed for $160.00 late fee, $62.98 court cost, $70.02 Service Fee, and $165.18 water and sewer fee. *See* Exhibit C.

Mr. Johnson filed an answer to the Dispossessory Warrant raising several substantive disputes regarding his failure to pay rent. A true and correct copy of Mr. Johnson's answer to the Dispossessory Warrant is attached hereto as Exhibit D.

Mr. Johnson did not dispute the amount of his late fee or assert it was excessive or illegal. He only claimed the late fee was not due because of alleged representations made by his landlord's management representatives. Exhibit D. This federal lawsuit is the first assertion raising any allegation the late fees are excessive or illegal. Neither Plaintiff nor Plaintiff's counsel raised such an objection to Defendants prior to filing this lawsuit.

The Court held a trial on January 11, 2017, at which time the Magistrate Court of Dekalb County issued a writ of possession effective January 18, 2017, and a money judgment in the amount of $600.00, which reflected an offset to the rent claims to be owed due to diminution in value to the premises for failure to repair. Mr. Johnson did not object to the amount of the late fees as excessive during the trial. A true and correct copy of the of Order and Judgment is attached hereto as Exhibit E.

Mr. Johnson filed a timely appeal of the Order and Judgment to the Superior Court of Dekalb County, Georgia, which remains pending before the Superior Court of Dekalb County, GA. The appeal case has been docketed, but no trial or other action is currently pending before that court.

## ARGUMENT AND CITATION OF AUTHORITY

### I. LEGAL STANDARD ON MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) authorizes Federal Courts to dismiss a complaint when a Plaintiff fails to state a claim upon which relief can be granted. "In ruling on the motion to dismiss, the court must accept a well pleaded fact as true and resolve them in the light most favorable to the Plaintiff." *St. Joseph Hospital, Inc. v. Hospital Corporation of America,* 795 F 2d 948, 954 (11th Cir. 1986). In its determination of whether a claim for relief has been stated a court, "limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nations Bank, N.A.,* 225 F. 3d, 1228, 1231, (11th Cir. 2000), citing *GSW, Inc.v. Long County*, 999 F 2d, 1508, 1510 (11th Cir. 1993). However, "a party may attach documentation or exhibits to its motion to dismiss without converting the motion to one for summary judgment." *Reynolds v. Gables Residential Services, Inc.,* 428 F. Supp 2d 1260. (M.D. FL 2006). *Bryant v. Avado Brands, Inc.,* 187 F 3d, 1271 (11th Cir. 1999). The exhibits attached to this motion

are central or integral to the Plaintiff's claim, and they are undisputed.

## II. DISMISSAL IS PROPER AS TO DEFENDANTS ON ALL COUNTS BECAUSE THEY DID *NOT* SIGN THE DISPOSSESSORY WARRANT AND BECAUSE THE DISPOSSESSORY WARRANT ACCURATELY STATED THE AMOUNT OF THE LATE FEES AS AUTHORIZED BY PLAINTIFF'S LEASE

### A. Counts I and II of Plaintiff's Complaint do not a state a claim because Defendants did not engage in false, misleading, or deceptive behavior or violate 15 U.S.C. § 1692e, as they did not sign the Dispossessory Warrant, and as the Dispossessory Warrant accurately stated the amount of debt owed by Plaintiff

Plaintiff alleges in Counts I and II of his Complaint that Mr. Williams (and vicariously, FHCW) are in violation of 15 U.S.C. §1692e because of Williams' alleged engagement in false, misleading, or deceptive conduct by stating in the Dispossessory Warrant that Plaintiff owed more in late fees than he actually did, and because of his alleged failure to conduct an individualized review of the Dispossessory Warrant prior to signing and filing.

Plaintiff's allegations are based upon the contents of the Dispossessory Warrant, which lists a late fee due in the amount of $160.00, which Plaintiff contends is not authorized by the Lease and Plaintiff's *false assumption* that Mr. Williams signed the Dispossessory Warrant or that D. Campbell possibly worked in Defendant's law firm. Both of these counts must be dismissed because they do not state a claim against the Defendants. Plaintiff and Plaintiff's counsel never

contacted Defendants to confirm how and when they were engaged to represent the landlord in the dispossessory case.

First, the face of the Dispossessory Warrant clearly shows that Mr. Williams did not sign it. Rather, it was signed by *the landlord's agent D. Campbell*, who is neither employed by the Defendants nor under their control or supervision. Ms. Campbell's name appears below the signature line, and the Dispossessory Warrant clearly shows that the landlord's agent signed it, rather than the landlord itself or its attorney at law. *See* Exhibit C, where "agent" is circled, and where D. Campbell's name is listed as the Affiant. Mr. Williams' name does not appear on the signature line as the filing attorney for the Plaintiff.

Accordingly, Mr. Williams did not engage in *any* behavior or other communication with respect to the filing of the Dispossessory Warrant. 15 U.S.C. § 1692e prohibits a debt collector from using "…false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. With respect to the filing and service of the Dispossessory Warrant, Mr. Williams made *no* representations and used no means in connection with the collection of any debt because he did not sign the Dispossessory Warrant, nor did anyone under his control or supervision do so either. Mr. Williams was engaged to represent the plaintiff in the dispossessory action at trial subsequent to the filing

but did not sign the warrant, which is the act Plaintiff claims violated § 1692e.

Georgia law specifically allows for an owner's agent to swear out a dispossessory warrant, pursuant to O.C.G.A. § 44-7-50(a):

> …If the tenant refuses or fails to deliver possession when so demanded, **the owner or the agent, attorney at law, or attorney in fact of the owner** may immediately go before the judge of the superior court, the judge of the state court, or the clerk or deputy clerk of either court, or the judge or the clerk or deputy clerk of any other court with jurisdiction over the subject matter, or a magistrate in the district where the land lies and make an affidavit under oath to the facts.

O.C.G.A. § 44-7-50(a) (emphasis added).

Thus, the statutory scheme for filing dispossessory warrants in the State of Georgia specifically allows an agent of the owner to swear out the dispossessory warrant, unlike in civil suits, where only the party itself or its attorney may file pleadings and represent it. The rules of Magistrate Court provide that corporations may represent themselves or have agents file warrants. *See Eckles v. Atlanta Technology Group, Inc.,* 267 Ga. 801, 806 (1997) (Sears, J., specially concurring); *see also Johnson v. Thrower*, 117 Ga. 1007 (1903) (holding that dispossessory warrant filed under landlord's name but sworn out by landlord's agent, where affidavit contains a recital of his agency, is proper). There was nothing false, misleading, or deceptive involved in having the property owner's agent sign the Dispossessory Warrant and listing the property owner's attorney who will be

handling the case - if a trial is necessary.

However, even if Mr. Williams had signed the warrant, there would *still* be no basis for liability under § 1692e, because *the Lease clearly allowed for a late fee of $160.00*. The base rental amount included a late fee of $150.00, and the Addendum included a late fee of $10.00, for a total late fee of $160.00 when neither the rent nor the utilities are paid by the 6th day of the month. *See* Exhibits A and B.

The landlord's allegations contained in the Dispossessory Warrant *allege under oath* that Mr. Johnson failed to pay rent or utilities for the month of December 2016. Thus, both rent and utilities were late and subject to a late fee of $150.00 and $10.00, respectively, for a total late fee of $160.00. There was nothing false, deceptive, or misleading about stating the late fee owed was $160.00.

"It is an essential element of Plaintiff's case to show that [the Defendants] misrepresented the amount of debt." *Sanchez v. United Collection Bureau, Inc.*, 649 F.Supp.2d 1374, 1379 (N.D. Ga. 2009). As a matter of law, here the Lease and Addendum show that Mr. Johnson would incur a late fee in the total amount of $160.00. The Dispossessory Warrant lists $160.00 as a "late fee". There is nothing false, misleading, or deceptive about this allegation.

While Plaintiff contends that a meaningful review of Plaintiff's lease would

have revealed that the Dispossessory Warrant demanded an incorrect late fee, *such a review by Plaintiff himself* would have in fact revealed that this amount was correct. Plaintiff's unsupported allegation that Mr. Williams failed to review Plaintiff's lease prior to signing the Dispossessory Warrant is based solely on what he believes to be an incorrect late fee. In fact, the late fee is correct, so Plaintiff's allegations regarding the supposed failure to conduct a meaningful review must be dismissed regardless of whether Mr. Williams signed the Dispossessory Warrant.

Mr. Williams is a member of FHCW, a Professional Association, but if Mr. Williams did not violate 15 U.S.C. § 1692e, then there can be no vicarious liability for FHCW or its members, either. "[W]hen Congress creates a tort action, it legislates against a legal background of ordinary tort-related vicarious liability rules...." *Meyer v. Holley*, 537 U.S. 280, 285 (2003). In Georgia, a claim for vicarious liability of an employer will not survive if there is no liability against the employee:

> Generally, where a party's liability is solely vicarious, that party and the actively-negligent tortfeasor are regarded as a single tortfeasor. Thus, where a defendant employer's liability is entirely dependent on principles of vicarious liability, such as respondeat superior, then "[u]nless additional and independent acts of negligence over and above those alleged against the servant or employee are alleged against the employer, a verdict exonerating the employee also exonerates the employer."

*PN Exp., Inc. v. Zegel*, 304 Ga. App. 672, 680, 697 S.E.2d 226, 233 (2010).

Here, FHCW's liability is based solely on its status as Mr. Williams' employer. Pl.'s Compl., par. 12. Accordingly, because Plaintiff has failed to state a claim against Mr. Williams on Counts I and II, his claims against FHCW on these counts must fail as well.

Accordingly, this Court must dismiss Counts I and II of Plaintiff's Complaint against the Defendants because it is clear that the Dispossessory Warrant accurately stated the amount of late fees due. Thus, there was no false, misleading, or deceptive behavior that could subject the Defendants to liability.

**B. Plaintiff's Lease and Addendum which created the debt *expressly authorized* the amount of late fees sought on the Dispossessory Warrant, and therefore, Defendants did not violate 15 U.S.C. § 1692f**

15 U.S.C. § 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) *unless such amount is expressly authorized by the agreement* creating the debt or permitted by law. 15 U.S.C. § 1692f(1) (emphasis added). However, the lease does in fact *expressly authorize* what the landlord put in the warrant.  Counts III and IV allege that Defendants violated this section of the FDCPA because Mr. Williams failed to conduct a meaningful review of the Plaintiff's lease prior to filing the Dispossessory Warrant and because the Dispossessory Warrant lists a late fee in excess of the amount specified in the Lease. Mr. Williams and FHCW were never

engaged to review the lease or prepare and file the warrant. They were engaged only to represent the landlord at the trial of the case. For the same reasons as set forth in Section II-A above, the Court must dismiss these counts as well.

Accordingly, Defendants incorporate by reference the entirety of Section II-A of their Memorandum of Law above to show that Defendants are not liable for violations of 15 U.S.C. § 1692f(1). As shown above, while Defendants were retained to represent the Plaintiff's landlord in the dispossessory action in the event the tenant filed an answer to the dispossessory action, they did not sign the Dispossessory Warrant itself, as permitted by O.C.G.A. § 44-7-50(a). Furthermore, it is abundantly clear that the amount of $160.00 listed as a late fee is expressly authorized by the Lease and Addendum that Plaintiff signed. Therefore, Counts III and IV of Plaintiff's Complaint must be dismissed.

## CONCLUSION

Defendants respectfully request that their Motion to Dismiss be GRANTED. Plaintiff's claim is totally without merit and substantively defective on its face. It is clear that Defendants cannot be liable for the alleged violations of the FDCPA because they were not involved with the preparation or signing of the Dispossessory Warrant, and more importantly, because the late fee listed on the Dispossessory Warrant was accurate and fully authorized by the Lease.

Accordingly, Plaintiff has failed to state a claim against the Defendants, and his Complaint must be dismissed.

This 22nd day of February, 2017.

                                      **FOWLER, HEIN, CHEATWOOD & WILLIAMS**

                                      /s/ J. Mike Williams
                                      J. Mike Williams
                                      Attorney for Defendants
                                      State Bar No. 765209

                                      /s/ Justin Kreindel
                                      Justin Kreindel
                                      Attorney for Defendants
                                      State Bar No.  550128

2970 Clairmont Road
Park Central, Suite 220
Atlanta, Georgia 30329
Phone: 404-633-5114
Fax: 404-325-9721
mwilliams@apartmentlaw.com
jkreindel@apartmentlaw.com

IN THE UNITED STATED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KHALIL JOHNSON, INDIVIDUALLY, AND ON BEHALF OF OTHER SIMILARLY SITUATED INDIVIDUALS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 1:17-CV-00349-LMM-CMS |
| J. MIKE WILLIAMS, AN INDIVIDUAL; AND FOWLER, HEIN, CHEATWOOD & WILLIAMS, P.A., | ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that on this day I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Shimshon Wexler, Esq.
swexleresq@gmail.com

This 22nd day of February, 2017.

/s/ Justin D. Kreindel, Esq.
Justin D. Kreindel