UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
-------------------------------------------------------X
Khalil Johnson, on behalf of himself and all others
similarly situated,

                                                                Case No. 17-cv-349-LMM-CMS

              Plaintiff,

    v.

J. Mike Williams, an individual; and
Fowler, Hein, Cheatwood & Williams, P.A.,
              Defendants.
-------------------------------------------------------X

## **PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiff Khalil Johnson ("Plaintiff") respectfully requests, pursuant to Rule 15 and 21, that Plaintiff be granted to amend his complaint to add defendants Hamilton Point Property Management, LLC ("HPPM") and Hamilton Point Investments, LLC ("HPI"). Attached to this motion is a copy of the proposed amended complaint as well as a summons for HPPM and HPI.

In support of this motion, plaintiff states as follows:

1.     Rule 15 explicitly gives such permission for plaintiff to amend as it states that:

    (a) Amendments Before Trial.

1

>    (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
>    (A) 21 days after serving it, or
>
>    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

2. In this case Defendants Fowler and Williams filed a motion pursuant to Rule 12(b) on February 22, 2017. Plaintiff has learned new information and wishes to amend his complaint as of right to add 2 additional parties and amend his complaint against these 2 defendants.

3. FED.R.Civ.Proc. 15(a) provided that "leave [to file an amended complaint] shall be freely given when justice so requires."

4. A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir, 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748,597 (5th Cir. 1981).

5. The amendments will not cause any prejudice to the defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); Hely &

2

Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments…been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial…").

6. But for the addition of 2 defendants, plaintiff would be entitled to amend the complaint.

WHEREFORE, Plaintiff requests that he be allowed to amend his complaint as of right.

Dated: March 8, 2017

Respectfully Submitted,

/s/ Shimshon Wexler
Shimshon Wexler, Esq. (Ga Bar No.436163)
The Law Offices of Shimshon Wexler, PC
315 W Ponce de Leon Ave Suite 250
Decatur, GA 30030
212-760-2400
678-609-1482 fax
swexleresq@gmail.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that 14 point Times New Roman was used for this pleading and that it has been formatted in compliance with Local Rule 5.4.

> */s/ Shimshon Wexler*
> Shimshon Wexler, Esq.
> Georgia Bar No. 436163

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2017, I served Plaintiff's motion for class certification by filing it through the CM/ECF system, which will send notification to all counsel of record in this action.

> */s/ Shimshon Wexler*
> Shimshon Wexler, Esq.
> Georgia Bar No. 436163