UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
--------------------------------------------------------X
Khalil Johnson, on behalf of himself and all others
similarly situated,

|  |  |
|---|---|
|  | Case No. 17-cv-349-LMM-CMS |
| Plaintiff, | **AMENDED CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |

Hamilton Point Property Management, LLC;
Hamilton Point Investments, LLC; and
J. Mike Williams; and
Fowler, Hein Cheatwood & Williams, PA
                              Defendants.
--------------------------------------------------------X


Plaintiff, by his attorney The Law Offices of Shimshon Wexler, P.C., as and

for his amended complaint against the defendants, on behalf of himself and

pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly

situated, alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this action to secure redress from unlawful credit and

collection practices engaged in by Hamilton Point Property Management, LLC

(''HPPM''), Hamilton Point Investments, LLC ("HPI"), J Mike Williams

("Williams") and Fowler, Hein Cheatwood & Williams, PA ("Fowler"). Plaintiff

alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

4.      Venue and personal jurisdiction in this District are proper because:

     a.      Defendants' collection communication was received by plaintiff within this District;

     b.      Defendants do business within this District.

## PARTIES

5.      Plaintiff, Khalil Johnson, is an individual who resides in Georgia.

6.      Defendant, HPPM, is a Delaware corporation with a registered agent of VCORP Services, LLC, 453 Hardy Ives Lane, Lawrenceville, GA 30045.

7.      Defendant, HPI, is a Delaware corporation with offices at 2711 Centerville Rd Suite 400, Wilmington, DE 19808.

8.      Defendant Fowler, Hein, Cheatwood & Williams, P.A. ("Fowler") is a Georgia law firm engaged in the business of collecting consumer debts, whose principal office is located at 2970 Clairmont Road, Suite 220, Atlanta, GA 30329. According to their website as of March 2, 2017, "[they] offer efficient and cost-effective dispossessory filings using a proprietary Dispossessory Management System, and routinely appear in courts on behalf of our property management clients throughout the greater Atlanta metropolitan area."

9.      Defendant J. Mike Williams ("Williams") is a Georgia licensed attorney whose name appears on the Dispossessory Warrant which forms the basis of this lawsuit.

10.     Upon information and belief, Fowler and Willaims are engaged in the business of collecting debts allegedly owed to others and are each a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

11.     Upon information and belief, HPPM and HPI are in the business of operating the rental apartment complex which Plaintiff resided in and are each a debt collector by virtue of the provision in 15 U.S.C. § 1692a(6) which states that "the term [debt collector] includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

12.     Defendants acted in concert in all the acts alleged in this complaint.

## FACTS

13.     On or about December of 2016, plaintiff refused to pay the rent for the apartment where he lived because his apartment was flooded, moldy and was unlivable.

14.     Defendants nevertheless sought to collect the rent which qualified as a financial obligation incurred for personal, family or household purposes.

15.     Defendants sought to collect the rent by filing a dispossessory warrant in the form of Exhibit A.

16.     Exhibit A is a standard form document.

17.     More than 200 examples of Exhibit A have been sent out during the last 12 months.

18.     Exhibit A is sent out by HPPM and HPI out with the knowledge and consent of all defendants.

19.     Documents in the form represented by Exhibit A are regularly issued to collect delinquent debts.

20.     Exhibit A provides on the upper right hand corner:

    Plaintiff's Attorney and Address
    GA Bar No. 765209
    Atty: M. Williams
    2970 Clairmont Rd, Park Central, Ste 220
    Atlanta, GA 30329

21.     This address is Fowler's address.

22.    Neither Defendant Williams nor Defendant Fowler were retained to collect the debt at the time Exhibit A was issued.

23.    Neither Defendant Willaims nor Defendant Fowler were retained to review, prepare or file this dispossessory warrant.

24.    Neither Defendant Williams nor Defendant Fowler reviewed the dispossessory warrant prior to it being issued.

25.    Neither Defendant Williams nor Defendant Fowler reviewed the underlying documents which gave rise to the debt prior to the dispossessory warrant being issued.

26.    Williams and Fowler authorized HPPM and HPI to put on its dispossessory warrant:

 Plaintiff's Attorney and Address
GA Bar No. 765209
Atty: M. Williams
2970 Clairmont Rd, Park Central, Ste 220
Atlanta, GA 30329

27.    Exhibit A is intended to mislead and frighten consumers into believing that Attorney Williams is participating in the collection of the debt in a meaningful way.

28.    Attorney Williams' actions are limited to allowing his name to be placed on the dispossessory warrant.

29.     Williams and Fowler do not receive the files of the debtors prior to the issuance of a dispossessory warrant.

30.     Upon information and belief, Williams and Fowler are not paid a percentage from the amount collected after the issuance of the dispossessory warrant.

31.     Upon information and belief, Attorney Williams and/or Fowler receive a flat fee based upon the number of times Williams' name is placed on a dispossessory warrant.

## CLAIM FOR RELIEF

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     Exhibit A violates 15 U.S.C. §§1692, 1692e and 1692j.

34.     Section 1692e provides:

### § 1692e.   False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without  limiting the general application of the foregoing, the following conduct is a violation of this section:…

(2) The false representation of—
        (A) the character, amount, or legal status of any debt; or
        (B) any services rendered or compensation which may be lawfully received
by any debt collector for the collection of a debt.
                (3) The false representation or implication that any individual is an
        attorney or that any communication is from an attorney.

   (9)  The use or distribution of any written communication……
which creates a false impression as to its source, authorization or approval.
   (10) The use of any false representation or deceptive means to
collect or attempt to collect any debt….

  35. Exhibit A was used and caused to be distributed by Defendants in
violation of the above quoted provision of the statute.

  36. Section 1692j provides:

**§ 1692j. Furnishing Certain Deceptive Forms**

(a)  It is unlawful to design, compile, and furnish any form knowing that such
form would be used to create the false belief in a consumer that a person other than
the creditor of such consumer is participating in the collection of or in an attempt
to collect a debt such consumer allegedly owes creditor, when in fact such person
is not so participating.

  37. <u>Exhibit A</u> was furnished by Williams and Fowler to HPPM and HPI to
create a false belief that Attorney Williams and Fowler were collecting HPPM and
HPI's debt when in fact Williams and Fowler were not participating.

  38. This practice is referred to as flat rating and is a violation of the
FDCPA.

<u>CLASS ALLEGATIONS</u>

  39. Plaintiff brings this action on behalf of a class, pursuant to Federal
Rules of Civil Procedure Rule 23(a) and 23(b) (3).

40.     The class consists of (a) all individuals (b) with a Georgia address (c) who were issued a dispossessory warrant in the form represented by Exhibit A (d) on or after a date one year prior to the filing of this amended complaint.

41.     The class is so numerous that joinder of all members is not practicable.  On information and belief, there are at least 40 members of the class.

42.     There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members.  The predominant common question is whether Exhibit A violates the FDCPA.

43.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

44.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

45.     A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible.

    a.  Members of the class are likely to be unaware of their rights;

    b.  Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1)    Statutory damages;

(2)    Attorney's fees, litigation expenses and costs of suit;

(3)    Such other and further relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: Atlanta, Georgia
       March 8, 2017

**The Law Offices of Shimshon Wexler, PC**

 s/ Shimshon Wexler
Shimshon Wexler, Esq./ Bar No. 436163
315 W Ponce de Leon Ave., Ste. 250
Decatur, Georgia 30030
Tel: 212-760-2400
Fax: 917-512-6132
swexleresq@gmail.com

# **Exhibit A**

Creekside Corners
Hamilton Point Investments

16D00589

**MAGISTRATE COURT OF DEKALB COUNTY**

5301 W Farrington Highway ,
Lithonia, GA. 30038
(770) 323-2265

Plaintiff's Name and Address          vs.

## DISPOSSESSORY WARRANT

Plaintiff's Attorney and Address

Ga. Bar No. 765209

Atty: M.Williams
2970 Clairmont Rd, Park Central, Ste 220
Atlanta, Ga. 30329

Khalil Johnson, And All Other Occupants
2207 Turnberry Pl.
Lithonia, GA 30038

DP#: 788770

Deposit Paid $

No.

Defendant's Name and Address

Personally appeared the undersigned who upon oath says that he is (owner), (attorney at law), (agent), (attorney in fact) for the owner of said premises, and that Defendant is in possession as tenant of premises at the above address in DeKalb County.

**FURTHER:**
☑ That said tenant fails to pay rent now due thereon;
☐ That tenant is holding said house and premises over and beyond the term for which the same was rented or leased to him;
☐ That said tenant is a tenant at sufferance;

The said owner desires and has demanded possession of said house and premises, and the same has been refused by the said defendant and affiant makes this affidavit that a warrant may issue for the removal of said defendant together with his property from said house and premises.

**PLAINTIFF PRAYS:**
(a) judgment for the past due rent in the amount of  $760.00 ; Dec
(b) rent accruing up to the date of judgment or vacancy at the rate of $ $760.00  per  month .
(c) other
$160.00 Late Fee + $62.98 Court Cost + $70.02 Svc Fee + $165.18 Water & Sewer
**SUMMONS**

TO THE MARSHAL of the State Court of DeKalb County or his lawful deputies, GREETINGS:

The defendant herein is hereby commanded and required personally or by attorney to file with the Clerk of the Magistrate Court of DeKalb County, 2nd Floor, Suite 270, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough St., Decatur, Georgia with-in seven (7) days from the date of service of the within affidavit and summons (or on the first business day thereafter if the seventh day falls on Saturday, Sunday or legal holiday) then and there to answer said affidavit in writing or orally. If such answer is not made to said affidavit on or before the _____ day of _____, 20_____, a writ of possession shall issue instanter as by law provided, and a judgment by default will be taken against you for all rents demanded in the complaint.

**Witness, the Honorable Berryl A. Anderson of said Court**

Sworn to, subscribed and filed before me, this
Dec              16              2016              , 20_____

By: _____
Deputy Clerk

Affiant              D. CAMPBELL

Phone No. _____

**AFFIDAVIT OF SERVICE**

I have served the foregoing affidavit and summons on the Defendant(s) by delivering a copy of the same:
☐ Personally          ☐ Defendant not found in the jurisdiction of this Court
☐ To a person sui juris residing on the premises (Name) _____
Age _____ Wt. _____ Ht. _____
☐ By posting a copy to the door of the premises and depositing a copy in the U.S. Mail, First Class in an envelope properly addressed with adequate postage thereon, said copy containing notice to the Defendant (s) to answer at the place stated in said summons.

DATE OF SERVICE_____          Sworn to before me_____

_____          _____
Professional Process Server          Notary Public, State of Georgia

MAGISTRATE COURT OF
DEKALB COUNTY, GA.
12/20/2016 12:51:27 PM
FILED
BY: Alba Lee