IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KHALIL JOHNSON, *individually,
and on behalf of other similarly
situated individuals*,

        Plaintiff,

      v.

J. MIKE WILLIAMS, *an individual*,
FOWLER, HEIN, CHEATWOOD &
WILLIAMS, P.A., HAMILTON
POINT PROPERTY
MANAGEMENT, LLC, and
HAMILTON POINT
INVESTMENTS, LLC,

        Defendants.

CIVIL ACTION FILE NO.
1:17-CV-00349-LMM-CMS

## **NON-FINAL REPORT AND RECOMMENDATION**[1]

This action is before the Court on the Rule 12(b)(6) Motion to Dismiss filed by

defendants J. Mike Williams, Esq. ("Attorney Williams") and the law firm Fowler,

Hein, Cheatwood &Williams, P.A. (the "Law Firm") (collectively, the "Attorney

Defendants"). (Doc. 14).  For the reasons discussed below, I **RECOMMEND** that the

Attorney Defendants' Motion to Dismiss (Doc. 14) be **GRANTED**.

---

[1]  The Hamilton Point Defendants have also filed a Rule 12(b)(6) Motion to
Dismiss (Doc. 18), which remains pending before this Court.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

All of Plaintiff's claims in this action arise from his refusal to pay the rent for his apartment in December 2016.  On or about May 9, 2016, Plaintiff signed a lease agreement with Defendant Hamilton Point Property Management, LLC ("HPPM") (as agent for the owner, Hamilton Point Investments ("HPI") [collectively, the "Hamilton Point Defendants" or "landlord"]) for an apartment located at Creekside Corners Apartments in Lithonia, Georgia.  (Doc. 18-2 at 2).  In his Amended Complaint, Plaintiff alleges that for the month of December 2016, he refused to pay his rent because his apartment was flooded, moldy, and unlivable.  (Doc. 12, Am. Compl., ¶ 13).

After Plaintiff failed to pay his rent, an agent for Creekside Corners Apartments (on behalf of HPI) filed a dispossessory action against Plaintiff in the Magistrate Court of DeKalb County, Georgia, seeking a judgment in the amount of $760.00 for past due rent, rent accruing up to the date of judgment or vacancy at the rate of $760.00 per month, a late fee of $160.00, $62.98 in court costs, a service fee of $70.02, and $165.18 for water and sewer.  A copy of the dispossessory warrant is attached to Plaintiff's Amended Complaint as Exhibit A.  (Doc. 12 at 11, "Dispossessory Warrant").  The Dispossessory Warrant was signed under oath by "D. Campbell," as agent.  (Id.).

AO 72A
(Rev.8/82)

Campbell's signature and the signature of the notary who witnessed Campbell signing are the only signatures that appear on the warrant form.

The Dispossessory Warrant form at issue in this case is a blank form provided by the DeKalb County Magistrate Court. The form is readily available on that court's website at http://www.dekalbcountymagistratecourt.com/pdfs/DispossessoryWarrant.pdf.

At the top righthand corner of the blank Dispossessory Warrant form immediately below the name of the court ("Magistrate Court of DeKalb County") and the title of the form ("Dispossessory Warrant"), the form provides a pre-printed space for entering the name and address of the plaintiff's attorney, and his or her Georgia Bar number. Id. On the Dispossessory Warrant form at issue in this lawsuit, the following information was entered in the space provided for entering the attorney's name, address, and Bar number:

> Ga. Bar No. 765209
>
> Atty: M. Williams
> 2970 Clairmont Rd, Park Central, Ste 220
> Atlanta, Ga. 30329

(Doc. 12 at 11).

In the original complaint that Plaintiff filed in this Court to initiate this lawsuit, Plaintiff sued only the Attorney Defendants, alleging that they violated the FDCPA by filing the Dispossessory Warrant against Plaintiff without having conducted a meaningful review of the warrant, and by seeking to collect a late fee in excess of what was authorized under Plaintiff's lease agreement with the landlord.  (Doc. 1, Compl.). The Complaint asserted claims under sections 1692e(2)(A), 1692e(3), and 1692f of the FDCPA, and all of Plaintiff's claims were premised on his assertion that the Attorney Defendants had falsely claimed in the Dispossessory Warrant that Plaintiff owed more in late fees than he actually did.  (Compl. ¶¶ 30-45, Counts I-IV).

On February 22, 2017, the Attorney Defendants moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 4). The Attorney Defendants argued that Plaintiff had failed to state a valid claim under the FDCPA for several reasons:  (1) that in accordance with Georgia law, the agent of Plaintiff's landlord was the person who signed the Dispossessory Warrant, not Attorney Williams or the Law Firm; (2) that the Attorney Defendants did not engage in any false, deceptive, or misleading behavior because they had been retained by Plaintiff's landlord to represent the landlord in court should the dispossessory action proceed to trial; and (3) that the disputed late fees were in fact specifically authorized by Plaintiff's lease.

4

The Attorney Defendants argued that for these reasons, Plaintiff's Complaint failed to state a claim that the Attorney Defendants were attempting to collect a debt in an amount that was not authorized by the contract creating the debt. (Doc. 4 at 4-5).

In response, Plaintiff moved to amend his complaint to add the Hamilton Point Defendants and to modify his allegations accordingly. On April 10, 2017, the undersigned granted Plaintiff's motion as unopposed. (Doc. 11). Plaintiff's Amended Complaint was docketed, and summonses were issued to the Hamilton Point Defendants.

Plaintiff's Amended Complaint asserts entirely different factual allegations and theories of recovery against the Attorney Defendants than those he asserted in his original Complaint. Plaintiff's Amended Complaint alleges that the address listed for Attorney Williams at the top righthand corner of the Dispossessory Warrant is the address of the Law Firm, but that at the time the warrant was issued, neither Attorney Williams nor the Law Firm had been retained on behalf of the Hamilton Point Defendants to collect the debt at issue in the warrant, to review the underlying documents that gave rise to the debt, or to review, prepare, or file the Dispossessory Warrant. Plaintiff alleges that, nevertheless, the Attorney Defendants authorized the Hamilton Point Defendants to put the Attorney Defendants' information on the warrant,

5

and Attorney Williams allowed his name to be placed thereon.  (Am. Compl. ¶¶ 22-28).

Plaintiff alleges that "Defendants" sought to collect the past due rent at issue in the

underlying dispossessory action by filing a dispossessory warrant in the form of the one

attached to Plaintiff's Amended Complaint as Exhibit A.  Plaintiff further alleges that

"[m]ore than 200 examples of Exhibit A have been sent out" to collect delinquent debts

during the 12 months preceding this lawsuit, with the knowledge and consent of all

Defendants.[2]  (Id. ¶¶ 15-19).  Plaintiff alleges that, "Exhibit A is intended to mislead

and frighten consumers into believing that Attorney Williams is participating in the

collection of the debt in a meaningful way."  (Id. ¶ 27).

The Amended Complaint asserts a single "Claim For Relief" on behalf of the

Plaintiff–that "Exhibit A violates ... §§ 1692, 1692e and 1692j" of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").[3]  Plaintiff's Amended

Complaint also purports to assert this action on behalf of a class, pursuant to Rules

23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.  (Am. Compl. at 6-7).

---

[2] Plaintiff's original Complaint alleged that during the year prior to the filing of this action, Attorney Williams, on behalf of landlords, filed dispossessory warrants against more than 100 individuals in DeKalb County.  (Doc. 1 ¶ 20).  This allegation was omitted from the Amended Complaint.

[3] Section 1692 is merely the FDCPA's statement of Congressional findings and declaration of purpose.  The section has no specific prohibitions, and Plaintiff's Amended Complaint asserts no actual claim pursuant to that provision.

## II.  **LEGAL STANDARD**

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint need not contain "detailed factual allegations," but must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (citation omitted).

In Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009), the Supreme Court clarified the pleading standard for civil actions, stating:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. at 678, 129 S. Ct. at 1949 (internal quotes and citations omitted).

AO 72A
(Rev.8/82)

The <u>Iqbal</u> Court went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss," the Supreme Court then advised that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not 'show[n]' – 'that the pleader is entitled to relief.'" <u>Id.</u> at 679, 129 S. Ct. at 1950 (<u>quoting</u> Fed. R. Civ. P. 8(a)(2)) (other citations omitted). All reasonable inferences are to be made in favor of the plaintiff. <u>Duke v. Cleland</u>, 5 F.3d 1399, 1402 (11th Cir. 1993).

## III.  DISCUSSION

Applying these standards, I conclude that the Attorney Defendants' Rule 12(b)(6) motion to dismiss should be granted.  Plaintiff's factual allegations are insufficient to support any of the claims that Plaintiff has asserted against the Attorney Defendants in this action with regard to the Dispossessory Warrant or warrant form at issue in this case.

**A.    Shotgun Complaint**

8

Among other deficiencies, Plaintiff's Amended Complaint is in the prohibited shotgun format, making it difficult to discern what Plaintiff is actually claiming and against which defendant or defendants. The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." See, e.g., PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).

Here, although Plaintiff has asserted only one "Claim for Relief," he alleges violations of three separate subsections of the FDCPA. Rather than state which defendant or defendants allegedly violated which particular provision of the FDCPA, Plaintiff's Amended Complaint merely incorporates by reference all of the preceding paragraphs of his Amended Complaint "as though fully stated herein." (Am. Compl. ¶ 32). Plaintiff then simply alleges that "Exhibit A" – without identifying any of the

9

defendants – violated sections 1692, 1692e, and 1692j of the FDCPA.[4]  (Id. ¶ 33).  An exhibit, of course, cannot violate a statute.

Generally, the appropriate response to a shotgun complaint is to dismiss it and allow the plaintiff an opportunity to amend to provide greater specificity.  Anderson v. District Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).  In this case, however, Plaintiff has already amended his complaint one time.  The Attorney Defendants have filed a motion to dismiss, and appear to have been able to sort out Plaintiff's factual allegations.  Accordingly, the Court has exercised its discretion to consider the Amended Complaint's claims as alleged rather than dismiss the complaint and require Plaintiff to re-plead.

**B.    Plaintiff's FDCPA Claims**

### 1. Section 1692e, False or Misleading Representations

Plaintiff's Amended Complaint alleges that the Attorney Defendants violated Section 1692e of the FDCPA, but Plaintiff has failed to identify which subsection or subsections either defendant allegedly violated and in what way those provisions were violated.  Plaintiff therefore has failed to state a plausible claim against the Attorney Defendants under Section 1692e.

---

[4]  See supra note 2.

The FDCPA prohibits "debt collectors" from engaging in unfair or unconscionable collection methods, conduct that harasses, oppresses or abuses any debtor, and the making of any false, deceptive, or misleading statements in connection with the collection of any debt. The Act also requires that debt collectors make certain written disclosures. 15 U.S.C. §§ 1692a, 1692d, 1692e, 1692f, 1692g.

To state a valid claim under the FDCPA, a plaintiff must sufficiently plead that: (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. Ware v. Bank of America Corp., 9 F. Supp. 3d 1329, 1336 (N.D. Ga. 2014) (citing Buckley v. Bayrock Mortg. Corp., No. 1:09-CV-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010) (other citation omitted)).

Plaintiff's Amended Complaint alleges that the Attorney Defendants are engaged in the business of collecting debts allegedly owed to others and are therefore each a debt collector as that term is defined by Section 1692a(6) of the FDCPA. (Am. Compl. ¶ 10). The Amended Complaint further alleges that the debt at issue in this lawsuit qualifies as a financial obligation incurred for personal, family, or household purposes (apparently pursuant to 15 U.S.C. § 1692a(5)). However, Plaintiff's Amended

11

Complaint has failed to show that either Attorney Williams or the Law Firm "engaged in a prohibited act" or "failed to perform a requirement imposed by the FDCPA." Ware, 9 F. Supp. 3d at 1336.

As noted above, Plaintiff's Amended Complaint alleges that "Exhibit A" violates Section 1692e of the FDCPA. The Amended Complaint then merely quotes the following statutory excerpts from 15 U.S.C. § 1692e:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> ...
>
> (2)  The false representation of–
>
>     (A) the character, amount, or legal status of any debt; or
>     (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> (3)  The false representation or implication that any individual is an attorney or that any communication is from an attorney.
> ...
>
> (9)  The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.
>
> (10)  The use of any false representation or deceptive means to

AO 72A
(Rev.8/82)

collect or attempt to collect any debt ....

(Doc. 12, Am. Compl., at 6-7).

Plaintiff's Amended Complaint contains no factual allegations to show how any of these provisions were allegedly violated, apart from simply alleging that "Exhibit A was used and caused to be distributed by Defendants in violation of the above quoted provision of the statute." (Id. at 7). The Amended Complaint fails to provide any factual or legal support for how or in what manner either of the Attorney Defendants (as opposed to "Exhibit A") violated any particular subsection (or every subsection) quoted in the Amended Complaint. Thus, Plaintiff has failed to plead sufficient factual content that allows the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Twombly, 550 U.S. at 556.

Plaintiff's Amended Complaint contains no allegations to support a plausible claim under Section 1692e(2)(A) or (B). Nor has Plaintiff alleged or shown that the Attorney Defendants violated Section 1692e(3) by falsely representing that they were attorneys or that the Dispossessory Warrant was "from an attorney." 15 U.S.C. § 1692e(3). To the contrary, the Dispossessory Warrant clearly states that, "Personally appeared the undersigned who upon oath says that he is (owner), (attorney at law), (agent), (attorney in fact) for the owner of said premises, and that Defendant is in

13

possession as tenant of premises at the above address in DeKalb County," and "[t]hat said tenant fails to pay rent now due thereon." (Doc. 12 at 11). The choice of "attorney" is not circled; rather, the affiant swearing out the Dispossessory Warrant form issued by the Magistrate Court of DeKalb County, D. Campbell, circled that he or she was an "agent" for the owner of the apartment complex. (Id.). The swearing out of a dispossessory warrant by an owner's agent is specifically authorized under Georgia's landlord-tenant statutory framework.

O.C.G.A. § 44-7-50(a) provides as follows:

> (a) In all cases where a tenant holds possession of lands or tenements over and beyond the term for which they were rented or leased to the tenant or fails to pay the rent when it becomes due and in all cases where lands or tenements are held and occupied by any tenant at will or sufferance, whether under contract of rent or not, when the owner of the lands or tenements desires possession of the lands or tenements, **the owner may, individually or by an agent**, attorney in fact, or attorney at law, **demand the possession of the property so rented, leased, held, or occupied.** If the tenant refuses or fails to deliver possession when so demanded, **the owner or the agent**, attorney at law, or attorney in fact of the owner **may immediately go before** the judge of the superior court, the judge of the state court, or the clerk or deputy clerk of either court, or the judge or the clerk or deputy clerk of any other court with jurisdiction over the subject matter, or **a magistrate in the district where the land lies and make an affidavit under oath to the facts. The affidavit may likewise be made before a notary**

> **public**, subject to the same requirements for judicial approval specified in Code Section 18-4-3.

Id. (emphasis added).  Plaintiff has failed to allege (or even argue) that the Attorney Defendants violated Section 1692e(3) of the FDCPA by falsely representing that they are attorneys or that the Dispossessory Warrant was filed by them.

Plaintiff has also failed to allege or show that the Attorney Defendants violated Section 1692e(9) by distributing to Plaintiff "a written communication which simulates or is falsely represented to be a document issued or approved by a court, or which creates a false impression as to its source, authorization, or approval."  15 U.S.C. § 1692e(9).  The Court takes judicial notice that the dispossessory warrant form is readily available on the Magistrate Court of DeKalb County's website.  Plaintiff has not alleged or argued that the Attorney Defendants issued any written communication to Plaintiff, much less one that created the false impression that it came from a court.  To the contrary, Plaintiff's Amended Complaint alleges that neither Attorney Williams nor the Law Firm saw, reviewed, prepared, or filed the Dispossessory Warrant at issue here. (Am. Compl. ¶¶ 23-25).

Plaintiff has also failed to allege or argue that the Attorney Defendants violated Section 1692e(10) in any specific way.  Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

In Plaintiff's response to the Attorney Defendants' motion to dismiss, Plaintiff has made no effort to address Section 1692e(10) of the FDCPA or any other specific provision of Section 1692e that he contends has been violated.  Nor has he responded to or attempted to controvert the Attorney Defendants' argument that the Dispossessory Warrant form in this case was made available by the Magistrate Court of DeKalb County, and that the warrant complies with Georgia's landlord-tenant statute, O.C.G.A. § 44-7-50(a).  Rather, Plaintiff argues generally that nothing on the Dispossessory Warrant form requires the party filling it out to place an attorney's name in the space provided, and that leaving the area blank would have more accurately indicated that at the time the warrant was issued, no attorney was involved with the action.  Plaintiff contends that entering an attorney's name (or authorizing its use) on the Dispossessory Warrrant conveyed the false impression to the least sophisticated consumer that the named attorney had oversight of the preparation of the warrant by reviewing the file and determining that legal action was appropriate, when in fact the attorney had had no meaningful involvement.

In support of his argument, Plaintiff cites two out-of-circuit cases, Nielsen v. Dickerson, 307 F.3d 623, 631 (7th Cir. 2002) and Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996), for the proposition that an attorney who allows a document bearing his name

16

to be filed with a court, without having actually reviewed the document or the debtor's file, violates the FDCPA.  (Doc. 16 at 8).  However, in addition to being non-binding legal authority, those cases are inapposite.

The "meaningful attorney involvement" rule developed in cases where debtors received a dunning or debt collection letter on law firm letterhead and signed by an attorney, despite the attorney's not having reviewed the matter.  See Bock v. Pressler and Pressler, LLP, 30 F. Supp. 3d 283, 294 (D. N.J. 2014) (citing Lesher v. Law Offices of Mitchell N. Kay, P.C., 650 F.3d 993, 999 (3d Cir. 2011) (summarizing the "leading case" on the issue, Clomon v. Jackson, 988 F.2d 1314, 1316-20 (2d Cir. 1993)).   In Nielsen and Avila, a debt collection agency issued dunning letters on an attorney's letterhead and over his signature, but the attorney had had no meaningful involvement in assessing the validity of the debt.  In other words, the debt collection letters were not "truly from" the attorney, and the letters, therefore, were misleading, in violation of Sections 1692e(3) and (10) of the FDCPA.  Nielsen, 307 F.3d at  635; Avila, 84 F.3d at 229.  Here, the Attorney Defendants did not sign the Dispossessory Warrant, and the face of the warrant does not reflect that it was "from" an attorney.

The one Northern District of Georgia case cited by Plaintiff, Consumer Financial Protection Bureau v. Frederick J. Hanna & Associates, P.C., 114 F. Supp. 3d 1342,

17

1364 (N.D. Ga. 2015), also involved "'communications' that are ostensibly from an attorney," both in the context of sending debt collection letters bearing the attorney's name and signature, and the filing of debt collection lawsuits by litigation mills without substantive attorney oversight or involvement.  Id. at 1365 (concluding that a least sophisticated consumer could view a lawsuit, signed by an attorney, as an indication that a lawyer had in fact scrutinized the case and determined that it had legal merit).[5] Neither circumstance applies here.

In this case, Plaintiff has neither alleged nor argued that either of the Attorney Defendants signed the warrant form provided by the court (and completed by the landlord's agent), that either of the Attorney Defendants filed the Dispossessory Warrant, or that either was in any way involved in "mass-producing" debt collection and litigation documents under an attorney's name and signature "at the push of a button," like in the cases cited by Plaintiff in his response brief.  (See, e.g., Doc. 16 at 9 [citing, in addition to Nielsen and Avila, Miller v. Upton, Cohen & Slamowitz, 687 F. Supp. 2d 86, 100 (E.D.N.Y. 2009) (concluding that a law firm "mass-produced" debt collection letters and litigation documents "at the push of a button" and holding that the

---

[5]   In the Eleventh Circuit, whether a debt collector's conduct violates the FDCPA is analyzed from the standpoint of the "least sophisticated consumer."  Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1173 (11th Cir. 1985).

firm was liable under § 1692e); <u>Tourgeman v. Collins Fin. Servs., Inc.</u>, No. 08-CV-1392-JLS (NLS), 2011 WL 3176453, at *3 (S.D. Cal. July 26, 2011) (alleging that defendants violated the FDCPA by mailing validation letters that named the wrong original creditor on the plaintiff's debt); <u>Diaz v. Portfolio Recovery Assocs., LLC</u>, No. 10-CV-3920(ERK), 2012 WL 661456, at *12-13 (E.D.N.Y. Feb. 28, 2012) (denying motion to dismiss where plaintiff's complaint alleged that the defendants violated the FDCPA by collecting or threatening to collect a time-barred debt, by engaging in "precisely the sort of mass robo-filing of thousands of boilerplate collection complaints by a law firm with a small number of lawyers" that courts had "found problematic," and by taking legal action against plaintiff when defendant knew or should have known there was no factual basis for the action) (other citations omitted)]).

The Attorney Defendants correctly argue that Plaintiff has alleged a novel theory of liability under the FDCPA that presents a question not previously addressed by any federal court:  "Does a Georgia landlord's use of a legal form published by the court and following the court's procedure of identifying the legal counsel it wishes to engage to represent it in a trial of a dispossessory case (eviction for non-payment of rent) render the law firm liable under the FDCPA for the landlord's actions?"  (Doc. 14 at 4).

Plaintiff denies that he is asserting a novel theory, but has not cited any legal authority to support his argument that by authorizing the placement of Attorney Williams's name on the issuing court's Dispossessory Warrant form, without first meaningfully reviewing the warrant or the case, the Attorney Defendants falsely communicated to Plaintiff, a consumer, that the dispossessory action against him "had a patina of legitimacy endowed by a lawyer's oversight."  (Doc. 16 at 1).  In other words, Plaintiff appears to be attempting to hold the Attorney Defendants liable under the FDCPA for the content of a Dispossessory Warrant taken out by an agent of a Georgia landlord using a government-provided form.

As discussed above, the face of the Dispossessory Warrant clearly indicates that the warrant was filed, sworn-to under oath, and signed by a non-defendant agent, D. Campbell, in accordance with Georgia landlord-tenant law.  Thus, to the extent a "communication" was made, it was by the landlord's agent to the tenant, not by the Attorney Defendants to the tenant.  Plaintiff has cited no authority for the proposition that the Attorney Defendants can be held liable under the FDCPA for what a landlord's agent includes on a dispossessory warrant form provided by a court.  Plaintiff has neither alleged nor shown that the form was a letter or "communication" prepared and signed by a debt collector attorney on behalf of a client or creditor.  Furthermore,

20

Plaintiff's Amended Complaint admits that Plaintiff did not pay his rent for the month of December 2016. Thus, it is hard to fathom that even a least sophisticated consumer, knowing that he had deliberately not paid his rent, would be confused or misled by a dispossessory warrant based on his acknowledged failure to pay his past due rent.

Finally, Plaintiff's Amended Complaint alleges that "Attorney Williams' actions are limited to allowing his name to be placed on the dispossessory warrant." (Am. Compl. ¶ 28). Plaintiff has failed to allege or show how that conduct constitutes a violation of any particular provision of the FDCPA. In Plaintiff's response brief, he has not disputed or contested the Attorney Defendants' assertion that the warrant form is made available to landlords by the DeKalb Magistrate Court, or that the Court's dispossessory warrant form includes a space for listing the name and address of the attorney who will be appearing at the trial of the dispossessory action, should the defendant file an answer and proceed to a hearing. Plaintiff's conclusory allegations of liability (and naked assertions devoid of further factual enhancement) are insufficient to state a claim under the FDCPA, and this practice of providing the landlord's attorney's name and address appears to be expressly permitted by state law.

In any event, the Attorney Defendants argue that even if Plaintiff could show that allegedly deceptive content entered on a court-provided dispossessory warrant form

21

could constitute a violation of the FDCPA, there was nothing misleading in the mere fact of placing Attorney Williams's name on the Dispossessory Warrant where, like here, Attorney Williams appeared at the trial of this case and represented the landlord/plaintiff in the dispossessory action.  (Doc. 21, Attorney Defs.' Reply Br., at 5).[6]

For the reasons stated, Plaintiff has failed to state a plausible claim that either "Exhibit A" or the Attorney Defendants violated Section 1692e of the FDCPA. I therefore RECOMMEND that the Attorney Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's Section 1692e claims be GRANTED.

### 2.      Section 1692j, Furnishing Certain Deceptive Forms

Plaintiff's Section 1692j claim and allegations are closely related to his Section 1692e claims, and fail for the same or similar reasons.

Section 1692j(a) provides that

---

[6]   Plaintiff's original Complaint described in detail what happened at his dispossessory hearing.   According to Plaintiff, the judge granted the landlord possession, with a writ of possession to issue January 18, 2017, and a money judgment in the amount of $600 (after offsetting some of the rent that was being demanded). Plaintiff appealed that ruling, paid the money judgment into the registry of the Court, and the eviction was stayed.  Plaintiff currently remains in possession of the apartment pending a final ruling on his appeal.  (Compl. ¶¶ 16-17; see also Doc. 4-5 at 2, "Order and Judgment," Magistrate Court of DeKalb County, Judge Gary J. Leshaw, dated January 11, 2017).

AO 72A
(Rev.8/82)

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

15 U.S.C. § 1692j(a).  The conduct prohibited in Section 1692j is known as "flat rating," which is explained as follows:

> A "flat-rater" is one who sells to creditors a set of dunning letters bearing the letterhead of the flat-rater's collection agency and exhorting the debtor to pay the creditor at once. The creditor sends these letters to his debtors, giving the impression that a third party debt collector is collecting the debt. In fact, however, the flat-rater is not in the business of debt collection, but merely sells dunning letters.  This bill prohibits the practice of flat-rating because of its inherently deceptive nature.

In re Scrimpsher, 17 B.R. 999, 1010-12 (Bankr. N.D.N.Y. 1982) (quoting the FDCPA's legislative history); Anthes v. Transworld Sys., Inc., 765 F. Supp. 162, 167-68 (D. Del. 1991) (same).

Plaintiff's Amended Complaint alleges that at the time the Dispossessory Warrant was issued, the Attorney Defendants had not yet been retained to collect the past due rent, but the Attorney Defendants nevertheless authorized the Hamilton Point Defendants to place Attorney Williams's name on the warrant form anyway in order "to mislead and frighten consumers" into believing that Attorney Williams was

23

participating in the collection process in a meaningful way.  (Am. Compl. ¶¶ 22, 26-27).

Plaintiff further alleges, without any factual support, that "[u]pon information and

belief, Attorney Williams and/or [the Law Firm] receive a flat fee based upon the

number of times Williams' name is placed on a dispossessory warrant."  (Id. ¶ 31).

Plaintiff contends that this practice is called "flat rating" and constitutes a violation of

Section 1692j of the FDCPA.  (Id. ¶ 38).

In their motion to dismiss, the Attorney Defendants categorically deny that they

designed, compiled, or furnished the Dispossessory Warrant form to the Hamilton Point

Defendants.  They also deny that they were paid for each warrant form filed.  The

Attorney Defendants argue that Plaintiff's claim harkens back to the groundless

allegations of Plaintiff's original complaint wherein Plaintiff alleged that the Attorney

Defendants reviewed, prepared, signed, and filed the Dispossessory Warrant against the

Plaintiff, seeking late fees that were allegedly not authorized by Plaintiff's lease

agreement.  (Doc. 14 at 23).

In response, Plaintiff does not attempt to controvert the Attorney Defendants'

contentions that they did not "design, compile, and furnish" the Dispossessory Warrant

form.  As Plaintiff now acknowledges, the blank warrant form is published by the

DeKalb County Magistrate Court and made available on its website.  (Doc. 16 at 10).

24

Instead, Plaintiff now contends that the Attorney Defendants violated Section 1692j –
not by "design[ing, compi[ing] and furnish[ing]" the Dispossessory Warrant form (as
the statute requires)–but by selling and providing their name and address block for
placement on the Dispossessory Warrant, and "furnishing to the landlord the portion of
the dispossessory warrant which gave the consumer the impression that the attorney was
participating in the collection of the debt." (Id. at 11). Plaintiff argues in his response
brief that such conduct constitutes "flat rating," and cites again to Nielsen to support his
Section 1692j claim.

As discussed earlier, Plaintiff's reliance on Nielsen is misplaced. Nielsen
involved the use by a credit card collection firm of an attorney's letterhead and
signature on dunning letters that were mailed to delinquent debtors in order to give the
false and misleading impression that the debts had been turned over to an attorney and
the collection letters were from the attorney, when in fact the letters were mailed by a
mailing service and were not really "from" an attorney in any meaningful sense of the
word. Nielsen v. Dickerson, 307 F.3d 623, 633, 635 (7th Cir. 2002). The attorney in
Nielsen was paid a flat fee of $2.45 per delinquent account irrespective of the effect (if
any) that the dunning letter had upon the debtor. Id. at 629. Once the dunning letters
were mailed, the attorney whose name and signature were used never took any further

action, nor was the attorney ever asked to pursue a judgment on the creditor's behalf. Id. at 636.

In the case presently before this Court, Plaintiff has neither alleged nor shown that he received a dunning letter or communication from his landlord that appeared to have been signed and sent to Plaintiff by Attorney Williams or his law firm.  Unlike the letters in Nielsen, it is clear from the face of the Dispossessory Warrant that Plaintiff's landlord's agent initiated the dispossessory action by filling out and signing under oath a court-provided form, and that neither Attorney Williams nor the Law Firm signed it.[7]

Most importantly, courts have repeatedly held that under the FDCPA, "a defendant can be either a 'debt collector' or a 'flat rater,' but not both."  See, e.g., Anthes, 765 F. Supp. at 168; Hartley v. Suburban Radiologic Consultants, Ltd., 295 F.R.D. 357, 372 (D. Minn. 2013); Davis v. Lyons, Doughty & Veldhuis, P.A., 855 F. Supp. 2d 279, 285-86 (D. Del. 2012); In re Scrimpsher, 17 B.R. 999, 1010-12 (Bankr. N.D.N.Y. 1982).  This is because the language of Section 1692j(a) limits the

---

[7]  The Attorney Defendants argue that Nielsen is also inapplicable to the facts of this case because unlike the attorney defendant in Nielsen, the Attorney Defendants were asked to pursue a judgment on the landlord's behalf.  The Attorney Defendants argue that there was nothing misleading about placing Attorney Williams's name on the Dispossessory Warrant in the space provided for doing so when in fact Attorney Williams was retained to handle the dispossessory trial portion of the landlord's effort to obtain a writ of possession and judgment for the past due rent demanded in the warrant.  (Doc. 14 at 10; Doc. 21 at 5).

AO 72A
(Rev.8/82)

section's applicability to situations where dunning letters are sold or provided to a creditor, who then sends the letters to its debtors, giving the false impression that a third party debt collector is collecting the debt.   <u>Anthes</u>, 765 F. Supp. at 167-68 n.5. Plaintiff's Amended Complaint alleges that the Attorney Defendants are debt collectors, as defined in Section 1692a(6) of the FDCPA.   (Am. Compl. ¶¶ 8, 10).   Because Section 1692j applies only to "flat raters," <u>In re Scrimpsher</u>, 17 B.R. at 1011, not debt collectors, the Attorney Defendants cannot be liable under Section 1692j(a).

In sum, for the reasons stated, Plaintiff's Section 1692j claim against the Attorney Defendants fails to state a valid claim under the FDCPA.   Plaintiff's Amended Complaint does not allege or show that either Attorney Defendant designed, compiled, and furnished a dunning letter or false form to create the belief that a person, other than the creditor, was participating in the collection of a debt, when in fact such person was not so participating, as required by the express terms of Section 1692j.   <u>See</u> <u>Sobers v. Caliber Home Loans, Inc.</u>, No. 1:16-cv-335-WSD, 2017 WL 443651, at *4 (N.D. Ga. Feb. 2, 2017) (dismissing plaintiff's Section 1692j(a) claim for failure to allege that any defendant designed, compiled, and furnished a false form).   Nor has Plaintiff provided sufficient factual allegations to support a valid claim that the Attorney Defendants are

27

flat-raters who merely provided their letterhead and signature for the Hamilton Point Defendants' use, in violation of 15 U.S.C. § 1692j(a).

Accordingly, for all the reasons stated, I RECOMMEND that the Attorney Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's Section 1692j claim be GRANTED for failure to state a plausible claim.

## IV.  CONCLUSION

For the reasons stated above, I **RECOMMEND** that the Attorney Defendants' Rule 12(b)(6) motion to dismiss (Doc. 14) Plaintiff's Amended Complaint be **GRANTED** in its entirety.

**IT IS SO RECOMMENDED**, this 8th day of June, 2017.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)