IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KHALIL JOHNSON, on behalf of
himself and all others similarly
situated,

     Plaintiff,

    v.

J. MIKE WILLIAMS, *an individual*,
FOWLER, HEIN, CHEATWOOD &
WILLIAMS, P.A., HAMILTON POINT
PROPERTY MANAGEMENT, LLC,
and HAMILTON POINT
INVESTMENTS LLC,

     Defendants.

CIVIL ACTION NO.
1:17-CV-00349-LMM

## **ORDER**

This case comes before the Court on the Magistrate Judge's Non-Final

Report and Recommendation ("R&R") [23], recommending that the Court grant

Defendant Williams's ("Attorney Williams") and Fowler, Hein, Cheatwood &

Williams, P.A.'s (the "Law Firm") (collectively, the "Attorney Defendants")

Motion to Dismiss [14]. Pursuant to Civil Procedure Rule 72(b), on June 21, 2017,

Plaintiff Johnson filed objections to the R&R [26]. On July 5, 2017, Plaintiffs filed

their response [30]. After due consideration, the Court enters the following

Order:

## I.     BACKGROUND[1]

This case arises from the execution of a dispossessory warrant by Defendants Hamilton Point Property Management, LLC, and Hamilton Point Investments, LLC's (collectively "property owners") agent. Plaintiff, finding his apartment unlivable, Dkt. No. [12] ¶13, refused to pay his rent. Id. The property owners then sought to collect the rent by means of a dispossessory warrant, id. at ¶15; id. at 11, which the property owner's agent signed. Id. at 11. The face of the dispossessory warrant makes clear that the agent obtained it from DeKalb County. Id. The dispossessory warrant shows Attorney Williams's name, address, and bar number at the top right corner. Id. Plaintiff complains that by authorizing the agent to fix the Attorney Defendants' name, address, and bar number to the top right corner of the form, they violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FCDPA"). Id. ¶¶ 32-38.

Defendant Attorneys moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff failed to state a claim. Dkt. No. [14]. As discussed above, the Magistrate Judge recommends that the Court grant Defendant's Motion. Defendant now objects on several grounds.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendations for clear error if no objections are filed. 28 U.S.C. § 636(b)(1).

---

[1] Facts in this section are taken from Plaintiff's Complaint and are construed in a light most favorable to Plaintiff as the non-moving party.

If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id. As Plaintiff filed timely objections to the Magistrate Judge's findings, the Court reviews the challenged findings and recommendations on a *de novo* basis.

### III.   DISCUSSION

#### a.  Facts Relied on by the Magistrate Judge

Plaintiff first objects that the R&R relied on facts not found in the Complaint. Dkt. No. [26] at 1. Plaintiff claims that the Magistrate Judge should not have found that Georgia court procedure permits a landlord to identify its counsel on a legal form. Dkt. No. [26] at 2. Plaintiff's objection to the Magistrate Judge's recital of Georgia court procedure is without merit. After all, Plaintiff attached the dispossessory warrant as Exhibit A of his Complaint. Dkt. No. [12] at 11. That warrant plainly provides a space near the top right corner of the page with the tag "Plaintiff's Attorney and Address." Id. That this tag is part of the DeKalb County form and not an addition of the Attorney Defendants is clear from a blank version of the form, which can be readily obtained on DeKalb County's website. See http://www.dekalbcountymagistratecourt.com/civil/ Dispossessories.asp. It requires no leap of faith to reach the conclusion that the Georgia court allows a landlord to identify its legal counsel, when the warrant form provides a place for the landlord to include an address block identifying its legal counsel. Any other conclusion about what the DeKalb County Court permits is therefore implausible.

3

Plaintiff also objects to the Magistrate Judge's reliance on Attorney Williams's appearance at the trial of this case. Dkt. No. [26] at 4; Dkt. No. [23] at 22. The Attorney Defendants argue that, while Plaintiff takes issue with the Magistrate Judge's reliance on this fact, the fact itself is not disputed. Dkt. No. [30] at 3.

Regardless of whether the Magistrate Judge considered Attorney Williams's appearance at trial,[2] Plaintiff has failed to plead that Williams, or the Law Firm, violated the FDCPA. Plaintiff has not pled that the Attorney Defendants made any representations by the dispossessory warrant, because it was the property owners' agent—not the Attorney Defendants—that obtained the

---

[2] The Eleventh Circuit has held that judges may consider matters attached to a Motion to Dismiss if they are (1) central to the Complaint and (2) undisputed. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005). Plaintiff alleges that "Attorney Williams' actions are limited to allowing his name to be placed on the dispossessory warrant." Dkt. No. [12] at ¶ 28. Because Williams's appearance at trial directly refutes this allegation (an allegation that underlies Plaintiff's accusation of Attorney Defendants' flat-rating), Williams's appearance is a matter central to the Complaint. And because Plaintiff has not disputed that Williams appeared at trial, the Magistrate Judge's reliance on Defendant's assertion of that fact was proper. Also, the Rules of Evidence allow judges to take judicial notice of adjudicative facts if (1) they are generally known within the trial court's territorial jurisdiction, or (2) they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The Magistrate Judge could accurately and readily determine the fact of Attorney Williams's appearance from the Magistrate Court's docket—a source whose accuracy cannot reasonably be questioned—a further reason that her reliance on that fact was appropriate. Dkt. No. [23] at 21-22, 22 n.6; See Davis v. Williams Commc'ns, Inc., 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003) (reasoning that courts may take judicial notice of the public record without converting the motion to one for summary judgment, because courts can readily determine such documents to be accurate) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1279-1280 (11th Cir. 1999)).

form from DeKalb County, signed it, had it notarized, and served it, as the warrant itself shows. By objecting to the Magistrate Judge's reliance on facts contained in the Attorney Defendants' Reply on their Motion to Dismiss, Dkt. No. [21], specifically, Attorney Williams's appearance, Plaintiff has objected to an issue that is inessential to the conclusions contained in the R&R, which primarily concerns Plaintiff's failure to plead the Attorney Defendants' violation of the FDCPA. Plaintiff's first objection is therefore **OVERRULED**.

### b. Shotgun Complaint

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff's Amended Complaint is a "shotgun complaint." Id. at 9. However, the Judge considered Plaintiff's claims on the merits, rather than requiring Plaintiff to re-plead, id. at 10, so Plaintiff's objection on this issue is moot. Plaintiff's objection on the "shotgun complaint" issue is **OVERRULED** as moot.

### c. Professional Involvement Doctrine

Plaintiff objects that the R&R misapplied the professional involvement doctrine. Dkt. No. [26] at 7. He argues that, by providing their name and address block, the Attorney Defendants "furnish[ed] to the landlord the portion of the dispossessory warrant which gave the consumer the impression that the attorney was participating in the collection of the debt." Dkt. No. [16] at 11. But as the Magistrate Judge has observed, Plaintiff's cited authority does not apply in this case. Dkt. No. [23] at 25. Courts have held "flat-raters" liable where debt collectors borrowed attorneys' letterhead and dunning-letters to mass-produce

5

collection forms, which gave the public the impression that the attorneys were issuing the debt collection documents, though there was no meaningful attorney involvement. See, e.g., Nielsen v. Dickerson, 307 F.3d 623 (7th Cir. 2002); Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996). As the Magistrate Judge emphasized with respect to § 1692e, the active party in this case—the party that plainly compiled and furnished the form—was the property owner's agent, *not* the Defendant Attorneys. Defendant Attorneys neither provided their letterhead nor signed the form.

Plaintiff argues that "[t]he upper right hand area where there is a space for the attorney's name should only be used when there is an attorney involved in the case at the time the dispossessory warrant is signed." Dkt. No. [26] at 3. This argument is meritless and irrelevant. First, Plaintiff has failed to show that the presence of Attorney Williams's address block violates Georgia law or the FDCPA in any way. Moreover, Plaintiff has never alleged that the Defendant Attorneys filled out the dispossessory warrant. Dkt. No. [12] at 23-25. Plaintiff argues, instead, that the Attorneys allowed their address block to be used on the dispossessory warrant, Dkt. No. [26] at 8, but he fails to show that this violates federal law. Plaintiff cites no authority to support this position, and his case is inapposite to the case law on meaningful attorney involvement, which concerns letterhead and dunning letters purporting to come directly *from* the law firms. This case concerns a government form that the property owner's agent plainly filled out and signed. Plaintiff's objection to the R&R with respect to the

6

Magistrate Judge's application of meaningful involvement is therefore **OVERRULED**.

### d. FDCPA and State Practice

Plaintiff has argued that, even if Georgia courts allowed the placement of an attorney's name on the warrant form, the FDCPA preempts Georgia's practice. Dkt. No. [26] at 9. This argument fails for two reasons. First, Plaintiff has failed to allege a violation of the FDCPA. As discussed above, Plaintiff references FDCPA provisions that have nothing to do with the Attorney Defendants, because they involve whoever obtained and filled out the relevant debt collection form and not the Attorney Defendants. And second, the FDCPA and Georgia's law are not in conflict. There is nothing inherently misleading or unduly intimidating about a debt collector including his attorney's address block on a dispossessory warrant. This fourth objection is therefore **OVERRULED**.

## IV.   CONCLUSION

In accordance with the foregoing, the Court **ADOPTS** the Magistrate Judge's Non-Final R&R [23]. Defendants' Motion to Dismiss is **GRANTED** [14].

**IT IS SO ORDERED** this 24th day of July, 2017

**Leigh Martin May**
**United States District Judge**

7