IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KHALIL JOHNSON, *on behalf of*    :
*himself and all others similarly*    :
*situated,*    :
   :
     Plaintiff,    :
   :         CIVIL ACTION NO.
   :         1:17-CV-00349-LMM
v.    :
   :
HAMILTON POINT PROPERTY    :
MANAGEMENT, LLC, and    :
HAMILTON POINT INVESTMENTS    :
LLC,    :
   :
   :
   :
     Defendants.    :
   :

## ORDER

This case comes before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") [33], recommending that the Court grant Hamilton Point Property Management, LLC ("HPPM") and Hamilton Point Investments, LLC's ("HPI") (collectively, "Defendants") Rule 12(b)(6) Motion to Dismiss [18] in its entirety. Pursuant to Civil Procedure Rule 72(b), on November 22, 2017, Plaintiff Johnson filed objections to the R&R. After due consideration, the Court enters the following Order:

## I.   BACKGROUND[1]

This case arises from the execution of a dispossessory warrant by Defendants' agent. Plaintiff, finding his apartment unlivable, Dkt. No. [12] ¶ 13, refused to pay his rent. Id. The property owners then sought to collect the rent by means of a dispossessory warrant, id. at ¶ 15; id. at 11, which Defendants' agent signed. Id. at 11. The face of the dispossessory warrant makes clear that the agent obtained it from DeKalb County. Id. The dispossessory warrant shows the name, address, and bar number of an attorney named Williams at the top right corner. Id. Plaintiff complains that by authorizing the agent to fix Williams's name, address, and bar number to the top right corner of the form, they violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FCDPA"). Id. ¶¶ 32-38.

Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff failed to state a claim. Dkt. No. [18]. As discussed above, the Magistrate Judge recommends that the Court grant Defendants' Motion. Defendant now objects on several grounds.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendations for clear error if no objections are filed. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection.

---

[1]All facts are construed in a light most favorable to Plaintiff as the non-moving party.

Id. As Plaintiff filed timely objections to the Magistrate Judge's findings, the Court reviews the challenged findings and recommendations on a *de novo* basis.

### III. DISCUSSION

#### a. The R&R's treatment of the complaint and conclusions of fact

Plaintiff first objects that the R&R construed his complaint narrowly, drawing inferences against the non-moving party rather than construing the complaint broadly and drawing all reasonable inferences in his favor. Dkt. No. [35] at 2. Plaintiff provided no factual or legal support for how filling out a dispossessory warrant form, which is readily available to the public on the DeKalb County Magistrate Court's website, is deceptive and misleading. Dkt. No. [33] at 4–5, 13 (noting the dispossessory warrant form's top right-hand corner provides a pre-printed, blank space for the name, address, and bar number of an attorney). Accordingly, Plaintiff's argument that Defendants intended to mislead and frighten consumers into believing an attorney was participating in the debt collection process in a meaningful way by filling out a dispossessory warrant form is an unsupported, unreasonable inference. Dkt. No. [33] at 13. Plaintiff's objection is therefore **OVERRULED**.

Further, Plaintiff objects that the R&R makes premature conclusions of fact after the R&R found that including an attorney's name, address, and bar number on a dispossessory warrant was not inherently intimidating. Dkt. No. [33] at 17. However, Plaintiff's argument that intimidation is not the standard for

violating 15 U.S.C. § 1692e mischaracterizes the R&R, which does not cite intimidation as the legal standard but as support for Defendants' conduct as not being deceptive, misleading, or unduly involved in the debt collection process. Dkt. No. [33] at 17. Thus, the Magistrate Judge did not apply an incorrect standard in the R&R; rather, "Plaintiff has failed to plead sufficient factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Dkt. No. [33] at 13. Accordingly, Plaintiff's objection has no merit and is therefore **OVERRULED**.

### b. Plaintiff's pleading of § 1692e

Plaintiff also contends that he correctly pled Defendants' violation of 15 U.S.C. § 1692e, objecting to the R&R's finding that Plaintiff failed to identify which subsections of 15 U.S.C. § 1692e Defendant violated and failed to provide any factual or legal support for the manner in which the violation occurred. Dkt. No. [35] at 3; Dkt. No. [33] at 12. Plaintiff argues that he is not required to identify the subsection of the statute Defendants violated, contending that 15 U.S.C. § 1692e merely provides examples of prohibited conduct rather than an exhaustive list of conduct prohibited by the statute. Plaintiff's argument is ineffective, however, because Plaintiff never specifies another example of Defendants' conduct that would violate the statute. Further, Defendants' conduct failed to violate the stated subsections of 15 U.S.C. § 1692e, namely, using any false, deceptive, or misleading representation to collect debt. Consequently,

Plaintiff's claim that Defendant violated 15 U.S.C. § 1692 fails, and Plaintiff's objection is therefore **OVERRULED**.

### c. Defendants' status under FDCPA and use of attorney Williams's name

Additionally, Plaintiff contends that Defendants are debt collectors under 15 U.S.C. § 1692a(6). However, Plaintiff's argument fails because Plaintiff admits and argues that Defendants were creditors in the process of collecting their own debt. Dkt. No. [35] at 8 ("The amended complaint in the instant case states that the landlord defendants were creditors. It may be inferred that [Defendants] were collecting their own debt."). However, by admitting that Defendants are creditors, Plaintiff is effectively acknowledging that Defendants are not debt collectors because creditors and those collecting their own debt are excluded from the definition of debt collectors under the FDCPA. 15 U.S.C. § 1692a(6)(F); Reynolds v. Gables Residential Servs., 428 F. Supp. 2d 1260, 1264 (M.D. Fla. 2006) (holding creditors are generally not debt collectors under the FDCPA and that a property owner and property manager who had a fiduciary relationship to collect rent and corresponding fees from tenants were not debt collectors under the FDCPA); Azar v. Hayter, 874 F. Supp. 1314, 1319 (N.D. Fla. 1995) (holding creditors are generally not debt collectors under the FDCPA). Accordingly, Defendants are not subject to 15 U.S.C. § 1692e, and Plaintiff's objection is therefore **OVERRULED**.

5

Further, Plaintiff objects that Defendants falsely used attorney Williams's name on the dispossessory warrant to imply that Williams was involved in the debt collection process. The FDCPA false name exception only applies when a creditor "uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). Here, however, Defendants did not use a name other than their own on the dispossessory warrant and nothing implies that Defendants were using a third party's name to imply a third party had control over the debt collection process. Dkt. No. [33] at 17–18 ("Plaintiff has failed to plausibly allege that [Defendants] can be considered debt collectors based on the 'false name exception.' Plaintiff's Amended Complaint fails to allege or indicate what 'false name' Plaintiff contends [Defendants] purportedly used so as to bring them within the purview of § 1692a(6)"). Consequently, Plaintiff's objection is without merit and therefore **OVERRULED**.

### IV.   CONCLUSION

In accordance with the foregoing, the Court **ADOPTS** the Magistrate Judge's Final R&R [33]. Defendants' Motion to Dismiss is granted.

**IT IS SO ORDERED** this ⟨15th⟩ day of February, 2018.

**Leigh Martin May**
**United States District Judge**

6